NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEFAIN M. ROUNDTREE, | : |
| Plaintiff, | : |
| | : Civil Action No.: 3:17-cv-00554-BRM-LHG |
| v. | : |
| | : **OPINION** |
| KATHRYN TALBOT, ESQ., ET AL., | : |
| Defendant(s) | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Stefain M. Roundtree's ("Roundtree") motions to reopen her case, refund her filing fees, and have the United States Marshal Service ("USMS") effect service of the complaint. (ECF Nos. 18, 19.) Because the Court will reopen Roundtree's action, the Court will also review her application to proceed *in forma pauperis* (ECF No. 14) and her motion to file service out of time (ECF No. 15), both filed before (but docketed after) the dismissal order (ECF No. 12). Having reviewed Roundtree's submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, (1) the motions to reopen are **GRANTED**; (2) the application to proceed *in forma pauperis* is **GRANTED**; (3) the motions for refund of filing fees is **GRANTED**; (4) the Complaint is **DISMISSED WITH PREJUDICE**; and (5) the motions to effect service out of time and by the USMS are **DENIED AS MOOT.**

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Roundtree filed a complaint with this Court on January 2, 2017, alleging racial bias in a custody dispute. (ECF No. 1.) Roundtree applied to proceed *in forma pauperis*, but her application

was denied on March 23, 2017, because the supporting affidavit was not signed. (ECF No. 3.) Instead of providing a signed affidavit and completing the application, Rountree paid the $400 filing fee and her complaint was filed on March 31, 2017.

On May 16, 2017, Roundtree moved to amend the complaint and for injunctive relief. (ECF Nos. 5, 6.) However, the Court found there was no service on Defendants and denied Roundtree's motion for injunctive relief but allowed her to refile her motion once Defendants were properly served. (ECF No. 7.) The Court also granted Roundtree's motion to amend her complaint, so long as she did so by August 17, 2017. (ECF No. 8.) Roundtree never filed an amended complaint.[1]

On December 5, 2017, Roundtree filed an emergency motion to "reinstate her complaint" and seeking the refund of fees in order to pay her rent. (ECF No. 9.) Because the case was still open and awaiting service, the Court ordered Roundtree to file proof of service with the Court and granted her leave to file an *in forma pauperis* application for the Court's review. To the extent Roundtree was requesting injunction relief, the *ex parte* request was denied. (ECF No. 10.)

On January 12, 2018, Roundtree filed: (1) her application to proceed *in forma pauperis* (ECF No. 14); (2) a letter motion to file serve defendants out of time (ECF No. 15); and (3) a certificate of service (ECF No. 16).[2] These documents were not posted to the docket until February 2, 2018, and therefore, on January 30, 2018, the Court, having no knowledge of the filings, dismissed the case pursuant to Federal Rule of Civil Procedure 4 following a Notice of Call for

---

[1] On December 8, 2017, the Court found Plaintiff stood on her originally filed complaint, having not filed an amended complaint or moving to file one out of time. (ECF No. 10.)

[2] Also filed on January 12, 2018, but not posted until February 2, 2018, was an Emergent Application which appears identical to the application filed by Plaintiff on January 30, 2017, and denied by the Court on March 23, 2017—so much so that the application is marked "filed" on January 30, 2017. It is unclear if Plaintiff intended to refile this document. To the extent she continues to seek injunctive relief, the request is denied as forth in the Court's prior orders and herein. (*See* ECF Nos. 7, 10.)

dismissal. (ECF Nos. 11, 12.) Plaintiff subsequently filed two motions for miscellaneous relief. (ECF Nos. 18, 19.) Both motions request essentially the same relief—to reopen her case—and do so with nearly identical language. (*Id.*)

## II. LEGAL STANDARDS

### A. Motion to Reopen

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14–6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x. 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

### B. IFP Application and Screening

When a plaintiff, including a non-prisoner, seeks permission to proceed IFP under 28 U.S.C. § 1915, he is required to submit an affidavit that sets forth his assets and attests to his inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Roy v. Penn. Nat'l Ins. Co.*, No. 14–4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). Permission to proceed IFP "is a privilege rather than a right," *Shahin v. Sec'y of Delaware*, 532 F. App'x. 123 (3d Cir. 2013), and "[t]he decision . . . turns on whether an applicant is 'economically eligible for

such status." *Taylor v. Supreme Court*, 261 F. App'x. 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). Therefore, the decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell*, 536 F.2d at 19. "A person need not be 'absolutely destitute' to proceed IFP; however, an affiant must show the inability to pay the filing and docketing fees." *Taylor*, 261 F. App'x. at 400 (citations omitted) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) and *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)).

Where a plaintiff is granted permission to proceed IFP, the Court is required to "direct *sua sponte* that a complaint be dismissed if it 'is frivolous or malicious or fails to state a claim on which relief may be granted.'" *Oneal v. U.S. Federal Probation*, 2006 WL 758301, at *1 (D.N.J, March 22, 2006) (quoting 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)). While every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure, *pro se* complaints must be construed liberally by the Court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

### III. DECISION

Roundtree's motion to reopen her case (ECF Nos. 18, 19) is granted in light of new evidence that was not available when this Court initially dismissed her case. Roundtree has produced stamped copies of (1) her application to proceed *in forma pauperis* (ECF No. 14); (2) a letter motion to file serve defendants out of time (ECF No. 15); and (3) a certificate of service (ECF No. 16), demonstrating that she filed those documents with the Clerk's Office at the

appropriate time and that her case should not have been dismissed. Accordingly, her Motion to Reopen is **GRANTED**, and the Court reviews her application to proceed IFP.

Roundtree produced an affidavit that set forth her income as part of her IFP application. (ECF No. 12.) By signing the IFP form, Roundtree declared that all the information she provided was true under penalty of perjury. In this form, Roundtree alleges that she and her spouse have zero income. (*Id.*) Roundtree's disability payments, totaling $771.00 a month, are her only reported income. (*Id.*) She has a monthly rent payment of $925.00. (*Id.*) A $400 filing fee is a monumental expense for Roundtree, and she appears "economically eligible" for IFP status. *See Taylor*, 261 F. App'x at 400. Accordingly, Roundtree's IFP application is **GRANTED** and her filing fee will be **REFUNDED** as unnecessary in light of her complete, granted IFP application. Because Roundtree has been granted IFP status, her complaint is subject to screening pursuant to 28 U.S.C. §1915. For the reasons set forth below, the Complaint is dismissed, and therefore, her motions to effect service out of time and by the USMS are **DENIED AS MOOT**.

The Court is required to dismiss the complaint *sua sponte* "if it 'is frivolous or malicious or fails to state a claim on which relief may be granted.'" *Oneal v. U.S. Federal Probation*, 2006 WL 758301, at *1 (D.N.J, March 22, 2006) (quoting 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)). Roundtree's complaint is only five pages but it is difficult to discern her claims. The Court gleans that Roundtree is alleging racial discrimination against several state employees for rejecting her plea for custody of her children. (*See* ECF No. 1.) Because Roundtree's allegations are barely legible and largely conclusory, she has failed to provide both the Court and Defendants "fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). In such situations, the Court typically dismisses "the complaint as being frivolous and failing to state a claim on which relief may be granted, but without prejudice and with leave to

amend." *Oneal*, 2006 WL 758301, at *1 (D.N.J, March 22, 2006) (citing 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)). Here, however, Roundtree has already been granted an opportunity amend her complaint, declined to do so, and instead, nearly four months later, filed a motion for reconsideration of the Court's order denying injunctive relief and a motion seeking a refund of fees. (*See* ECF Nos. 6, 8-9.) No amended complaint was filed, let alone a timely one. Faced with these motions and no amended complaint despite the Court's deadline, the Court found Roundtree stood on her originally filed complaint. (ECF No. 10.) Roundtree did not seek reconsideration of or relief from this order. In fact, Roundtree sought permission to pursue this complaint and file it out of time. (ECF No. 15.) Accordingly, in dismissing the complaint for failure to state a claim pursuant to § 1915(e), the Court further finds it appropriate to **DISMISS WITH PREJUDICE** as plaintiff has repeatedly stood by her complaint.

### IV. CONCLUSION

For the reasons set forth above, (1) the motions to reopen are **GRANTED**; (2) the application to proceed *in forma pauperis* is **GRANTED**; (3) the motions for refund of filing fees are **GRANTED**; (4) the Complaint is **DISMISSED WITH PREJUDICE**; and (5) the motions to effect service out of time and by the USMS are **DENIED AS MOOT**.

Date: November 27, 2018

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**